HAUER, Respondent, vs. NIEDFELDT, Appellant.

*May 5—June 7, 1949.*

112

For the appellant there were briefs by *Johns, Roraff & Coleman* of La Crosse, and oral argument by *Leonard F. Roraff*.

*C. L. Baldwin* of La Crosse, for the respondent.

ROSENBERRY, C. J.   In this case there was a motion for judgment on the pleadings.   Therefore in our consideration of the case we are confined to the allegations of the complaint and the answer of the defendant.   In his complaint the plaintiff alleged that on or about the 30th day of September, 1947, he sold to the defendant the entire business, including good will, trucks, and all other equipment pertaining to the operation of the business located at 311 North Third street, La Crosse, Wisconsin, known as the Terminal Express, at the agreed price of $6,000.   That on or about said date plaintiff turned over the entire business, including the good will and equipment, to the defendant, who has remained in possession thereof and operated the same up to the present date.   That the defendant paid to the plaintiff the sum of $3,000 and that there is still due the sum of $3,000 with interest from the 30th day of September, 1947, and prayed for judgment for that sum, together with costs and disbursements.

In his answer the defendant alleged that the parties to this action entered into an agreement on September 30, 1947, whereby the plaintiff agreed to sell to the defendant the business described in the plaintiff's complaint, "including all property used in connection with the business, and also including good will."   That as an element of good will the plaintiff agreed to convey a good and merchantable title and to comply with all the provisions of the Wisconsin Bulk Sales Law, all

as appears from the proposed contracts and agreements attached to such original agreement. Copy of such agreement and proposed agreements are annexed to the answer and made a part thereof.

Upon this motion it is only necessary to consider the material part of the agreement of September 30, 1947, which is as follows:

"Seller agrees to convey good and merchantable title, and agrees to comply with all the provisions of the Wisconsin Bulk Sales Law, and further agrees not to enter into competition with buyers, all as appears from the proposed contracts and agreements by reference made part of this agreement and hereto annexed.

"This entire agreement is contingent upon the above conditions, and also on the obtaining of the necessary consent from the Wisconsin Public Service Commission for the transfer of the contract-carrier permits of seller to buyers.

"The balance of the three thousand ($3,000) dollars payment to be held in escrow by the National Bank of La Crosse."

The answer further alleges that the defendant repeatedly requested the plaintiff to comply with the terms of his agreement, particularly in so far as the giving of a list of creditors and outstanding accounts was concerned. That the plaintiff failed and neglected to comply with such part of his agreement until eventually the plaintiff turned over to defendant's attorney a list of creditors, stating that such were all of the creditors. That at no time has the plaintiff complied with the provisions of the Wisconsin Bulk Sales Law as required by the terms of the written contract, and that the purpose of including such provision requiring compliance with the Bulk Sales Law was to establish the good will of the business.

For a further defense the defendant alleges that the plaintiff represented that there were no outstanding obligations other than current obligations, and that the business was a good going business. That as a matter of fact there were numerous delinquent outstanding obligations owing by plaintiff, most of

which have to date not been paid. That as a result of such outstanding obligations the good will of the business has been substantially misrepresented, and there is in fact little or no value to the good will of the business sold by plaintiff to defendant. The defendant for a further defense alleges that this action has been prematurely brought prior to compliance by plaintiff with the terms of the contract.

It seems to us perfectly obvious from a consideration of the allegations of the plaintiff's complaint and the defendant's answer that the plaintiff was not entitled to judgment on the pleadings. While the parties could not make the Bulk Sales Law, sec. 241.18, Stats. 1947, apply to the transaction, the plaintiff could and did agree to do the things therein provided to be done by a seller, particularly to furnish the defendant with a verified list of creditors with their respective post-office addresses and the several amounts owing. Plaintiff having contracted that the payment of the sum in escrow should be contingent upon the performance of the conditions agreed to by the plaintiff, and it not appearing from the allegations of the complaint that such conditions have been complied with, plaintiff is not entitled to judgment on the pleadings.

It is considered, therefore, that the trial court was in error in granting the motion for judgment on the pleadings and the judgment should be reversed.

*By the Court.*—The judgment appealed from is reversed and the cause is remanded for further proceedings according to law.